# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HAROLD C. SAMUELS, JR., )<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>v. )<br>) No. 05-2490-KHV<br>ALLSTATE INSURANCE COMPANY, )<br>et al., )<br>)<br>Defendants. )<br>_____) | |

## MEMORANDUM AND ORDER

Harold C. Samuels, Jr. brings suit against Allstate Insurance Company and The Allstate Corporation for claims arising out of employment. On March 30, 2005, plaintiff filed suit in state court in Johnson County, Kansas, alleging breach of an implied employment contract. See Petition in No. 05-2534. Although that case presented grounds for the exercise of diversity jurisdiction in federal court, defendants did not attempt to remove plaintiff's case at that time. Seven months later, on November 10, 2005, plaintiff filed an amended petition which added claims for age discrimination and retaliation under federal and state law. See First Amended Petition in No. 05-2534. On November 21, 2005, defendants filed a Notice of Removal (Doc. #1), asserting that by adding federal employment claims, plaintiff significantly altered the character of the lawsuit so as to revive defendants' ability to remove the case under 28 U.S.C. § 1446(b). This matter comes before the Court on plaintiff's Motion To Remand (Doc. #3) filed December 12, 2005. For reasons stated below, the Court sustains plaintiff's motion.

## Standard For Removal

A civil action is removable if plaintiff could have originally brought the action in federal court. See

28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

## Factual And Procedural Background

As noted, plaintiff filed suit in state court on March 30, 2005, alleging breach of implied employment contract. See Petition in No. 05-2534. Specifically, plaintiff alleged that based on defendants' conduct, employment policies and written or oral negotiations, defendants had created an implied contract not to discharge plaintiff except with just cause and in accordance with progressive discipline or performance management policies. Id. ¶¶ 12-14. Plaintiff further alleged that on April 1, 2004, defendants terminated his employment without just cause and in bad faith, in violation of the implied contract. Id. ¶ 15. Plaintiff stated that defendants told him that they were firing him because of "loud outbursts" and that defendants gave no other details or reason for the action. Id. ¶ 16. Plaintiff sought damages in the amount

of $241,398.10 in past wages, $3,196,325.81 in future wages, $569,345.83 in retirement benefits, $299,040.00 in fringe benefits and $56,520.96 in stock options and stock shares. Id. ¶ 21. Defendants could have removed the original petition based on federal diversity jurisdiction. Defendants chose not to do so and answered the petition and proceeded with discovery in the state case.

On November 10, 2005, with leave of the state court, plaintiff filed an amended petition. See First Amended Petition in No. 05-2534. The amended petition reasserted the original claim for breach of implied employment contract and added claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Kansas Age Discrimination in Employment Act ("KADEA"), K.S.A. § 44-1111 et seq., and the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 et seq. In addition to factual allegations contained in the original petition, the amended petition alleged the following facts:

In early February of 2004, because of plaintiff's age, defendants reassigned a number of plaintiff's duties to younger employees. First Amended Petition ¶¶ 11, 31. Plaintiff's supervisor, Jeff Kaufman, refused to meet with plaintiff about the reassignments. Id. ¶ 11. In mid-February of 2004, plaintiff filed a grievance about the reassignments. Id.

On March 18, 2004, plaintiff attended a work function where a senior manager who knew that plaintiff was Jewish made remarks and gestures which sanctioned a comedian's anti-Semitic remarks. Id. ¶ 13. A week later, on March 25, 2004, plaintiff complained about the remarks to Bruce Williams, human resources manager. Id. ¶ 14. In addition, plaintiff complained on several occasions about defendants giving his duties to younger employees. Id.

3

On April 1, 2004, defendants fired plaintiff because of age and in retaliation for protected activity under Title VII, the ADEA, the KAAD and the KADEA. Id. ¶¶ 31-34, 36-38. On July 13, 2004, plaintiff filed discrimination charges with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission. Id. ¶ 21.

On the age discrimination claims, plaintiff seeks the same damages as he seeks for the implied contract claim plus liquidated damages in an amount equal to unpaid wages. See id. at 8-9. On the retaliation claims, plaintiff seeks the same amount of damages as the implied contract claim plus compensatory damages. See id. at 9-10.

On November 21, 2005, defendants filed a notice of removal, asserting that plaintiff's amended petition significantly altered the character of the lawsuit so as to revive defendants' ability to remove the case under 28 U.S.C. § 1446(b). See Notice Of Removal (Doc. #1) ¶¶ 5-8. On December 12, 2005, plaintiff filed a Motion To Remand (Doc. #3). Plaintiffs contend that because defendants did not timely file a notice of removal with respect to the first petition, they waived the right to remove the case to this Court.

## Analysis

Plaintiff contends that by not filing a notice of removal within 30 days after receiving the original petition, defendants waived the right to remove the case to this Court. The procedure for removing a case to federal court is set forth in 28 U.S.C. § 1446, which states in relevant part as follows:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

4

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(a) and (b). If at any time before final judgment it appears that a case has been removed improvidently, the Court must remand the case to state court. 28 U.S.C. § 1447(c). Because removal is entirely a statutory right, the relevant procedures must be followed. See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The parties agree that defendants could have removed the original petition based on diversity jurisdiction under 28 U.S.C. § 1332. Because the case stated by the initial pleading was removable, Section 1446(b) required defendants to file a notice of removal within 30 days after receiving the original petition. Defendants did not do so and thus appear to have waived the right to remove the case.

Defendants assert that the amended petition revived the time for removal because it drastically altered the character of the lawsuit. The statute is silent on this issue, but courts have read into Section 1446(b) a so-called "revival exception" to the initial 30-day time limit where plaintiff files an amended complaint that so substantially alters the character of the action to constitute essentially a new lawsuit. See

5

Johnson v. Heublein Inc., 227 F.3d 236, 241-42 (5th Cir. 2000); Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982). The Tenth Circuit applied such an exception in Henderson v. Midwest Refining Co., 43 F.2d 23 (1930).[1] In Henderson, plaintiffs sued in equity to recover property. They later amended their petition to assert claims for fraudulent conspiracy and damages. In comparing the amended claims, the Tenth Circuit found that the amended petition was "not an amplification of the alleged cause of action as it was stated in the first petition; but a change, both from fact to fact and from law to law – an abandonment of the original for a new cause of action." Id. at 25. The Tenth Circuit concluded that because the amended petition stated an entirely new and different cause of action, defendant's right to remove the new case did not arise until plaintiff filed the amended petition. See id.

Defendants contend that by adding federal employment claims, the amended petition drastically altered the character of this lawsuit. The Court disagrees. The facts of this case are similar to Baych v. Douglass, 227 F. Supp.2d 620 (E.D. Tex. 2002). In Baych, plaintiff originally sued her former employer for breach of contract, ERISA violations and conversion. Although federal question jurisdiction existed, defendant did not remove the case within 30 days. Plaintiff later amended to the petition to include additional defendants and add claims of civil conspiracy, fraud and violations of the Uniform Fraudulent Transfer Act. Defendants sought to remove the case under the revival exception. The court ruled that the amendments did not substantially alter the character of the action and that the core of the lawsuit still arose

---

[1] The Tenth Circuit apparently has not addressed the issue in the 76 years since it decided Henderson. Over the years, Congress has amended the statute but it has not codified the so-called "revival exception."

from an alleged breach of plaintiff's employment contract.  See id. at 623.

A similar analysis applies here.  By adding employment discrimination and retaliation claims, the amended petition does not so substantially alter the character of the action to constitute essentially a new lawsuit.  The core of the lawsuit remains the same – plaintiff's claim that defendants unlawfully terminated his employment.  Although the amended claims will require additional evidence and different burdens of proof, this difference is not so substantial as to afford defendants a new opportunity to remove.  See id.; Adams v. W. Steel Blds. Inc., 296 F. Supp. 759, 762 (D. Colo. 1969).  The Court will therefore remand the case to state court.

Plaintiff asks the Court to award costs and attorney's fees.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  Such an award is within the Court's discretion and does not depend on any showing of bad faith on the part of the removing party.  See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997).  Absent unusual circumstances, the Court may award attorney's fees only if defendant lacked an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., ___ U.S. ___, 126 S. Ct. 704, 711 (2005).  Because cases dealing with the revival exception are highly fact-specific, the Court finds that defendants' position was not objectively unreasonable.  The Court therefore declines to award costs and attorneys fees.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Remand (Doc. #3) filed December 12, 2005 be and hereby is **SUSTAINED.**  This case is hereby **REMANDED to the District Court of Johnson County, Kansas.**

Dated this 23rd day of February, 2006 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            Kathryn H. Vratil
                                            United States District Judge